**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LINDA ELAINE LATEEF,<br>        Appellant, | DOCKET NUMBER<br>DC-0752-15-0402-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>        Agency. | DATE: July 14, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rosemary Dettling, Esquire, Washington, D.C., for the appellant.

Byron D. Smalley, Esquire, and Robert M. Mirkov, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, a former supervisory program manager, retired from federal service after the agency proposed her removal. Initial Appeal File (IAF), Tab 1 at 8. She subsequently filed this timely appeal in which she alleged that her retirement was involuntary and requested a hearing. *Id*. at 1-6. She asserted that she was forced to retire because the agency retaliated against her for filing an equal employment opportunity (EEO) claim, altered several of her working conditions while it did not alter the working conditions of other employees, and improperly disciplined her. *Id*. at 6. Additionally, the appellant contended that the agency made her work extremely stressful. *Id*. She asserted that she therefore filed a reasonable accommodation request and sought reassignment, but that the agency denied the short-term reassignment that she sought. *Id*.

¶3 The administrative judge issued an acknowledgment order providing the appellant with her burden of proof on jurisdiction. IAF, Tab 2. The agency responded, asserting that the appellant: (1) requested retirement documents prior to the proposed removal; (2) elected to retire rather than oppose her removal; and

(3) made no showing that her election to retire was involuntary. IAF, Tab 7 at 4-5. The appellant responded and submitted an affidavit in which she alleged that she retired because she was subjected to duress and coercion. IAF, Tab 8 at 6-7.

¶4 The administrative judge dismissed the appeal for lack of jurisdiction without holding a hearing, finding that the appellant had failed to raise nonfrivolous allegations of Board jurisdiction over her appeal. IAF, Tab 9, Initial Decision (ID) at 1. Specifically, she found that: (1) the appellant was planning to retire prior to receiving the agency's removal; (2) the appellant failed to nonfrivolously allege that the agency could not support its removal; and (3) there was no evidence of agency coercion or improper actions. ID at 4-6.

¶5 The appellant filed a timely petition for review in which she challenges the dismissal for lack of jurisdiction. Petition for Review (PFR) File, Tab 1. Specifically, she asserts, inter alia, that the administrative judge did not consider her affidavit in its entirety.[2] *Id*. at 8. The appellant also asserts that the administrative judge, in finding no evidence of agency coercion or improper action and that the appellant was not deprived of alternatives to retirement, failed to consider the agency's numerous specific acts of harassment and retaliation. *Id*. at 9-10. The appellant further contends that she was entitled to a jurisdictional hearing. *Id*. at 10. The agency has responded in opposition to the petition for review. PFR File, Tab 3.

¶6 We agree with the administrative judge that the appellant failed to raise nonfrivolous allegations of Board jurisdiction over her appeal. An

---

[2] To the extent that the appellant argues that the administrative judge did not fully consider her affidavit, we note that the administrative judge cited the affidavit in setting forth the factual background of the case and in her analysis. ID at 4-5. Regardless, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

employee-initiated action, such as a retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). To overcome the presumption that a retirement is voluntary, an employee must show that the retirement was the product of agency misinformation, deception, or coercion. *Id.*, ¶ 19. In this regard, intolerable working conditions may render an action involuntary when, under all the circumstances, the working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to absent herself from the workplace. *Wright v. Department of Veterans Affairs*, 85 M.S.P.R. 358, ¶ 25 (2000). The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 22 (2004).

¶7 An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary separation if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). A nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal. *Locke v. U.S. Postal Service*, 61 M.S.P.R. 283, 288 (1994).

¶8 Here, the appellant alleges that, regardless of the timing of the proposed removal, she had already planned to retire due to harassment and retaliation. PFR File, Tab 1 at 10. We agree with the administrative judge's finding that the appellant did not nonfrivolously allege that she was effectively deprived of any alternative but to retire. ID at 5. In particular, we find that the appellant's assertions, including, inter alia, that the agency altered her working conditions, improperly disciplined her, caused her working environment to become stressful, and denied her short-term reassignment request, do not constitute nonfrivolous allegations that her retirement was involuntary. *See Miller v. Department of*

*Defense*, [85 M.S.P.R. 310](#), ¶ 32 (2000) (an employee is not guaranteed a working environment free of stress, unfair criticism, or unpleasant working conditions). To the extent that the appellant asserts that she was discriminated and retaliated against for prior EEO activity, IAF, Tab 1; PFR File, Tab 1 at 9, we have considered such claims insofar as they relate to the issue of voluntariness, *see Wright*, [85 M.S.P.R. 358](#), ¶ 25. In an involuntary retirement appeal, as opposed to considering these claims separately, the Board considers evidence of discrimination and retaliation as it relates to the ultimate question of coercion, namely, whether, under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to retire. *Id*. As discussed, we find that the appellant has failed to nonfrivolously allege that she had no alternative but to retire.

¶9 Even if the appellant were alleging that she retired in order to avoid having to oppose a potential removal action, the mere fact that she was faced with the unpleasant choice of either retiring or opposing a potential removal for cause does not rebut the presumed voluntariness of her ultimate choice to retire. *Lloyd v. Small Business Administration*, [96 M.S.P.R. 518](#), ¶ 3 (2004). Rather, for an appellant's retirement in such circumstances to be considered involuntary and therefore appealable as a constructive removal, she must establish that the agency did not have reasonable grounds for proposing removal. *Id*. In this case, the appellant has failed to nonfrivolously allege that that the agency lacked reasonable grounds for proposing her removal.[3]

---

[3] There is no dispute that the agency proposed the appellant's removal based upon charges of insubordination, failure to follow a supervisor's directive, unprofessional conduct, and making false or misleading statements in a matter of official interest. IAF, Tab 1. The proposal contained detailed specifications in support of the charges. *Id*. The appellant does not dispute many of the instances of misconduct that serve as the basis for these charges. *Id*.; PFR File, Tab 1. She also does not dispute the administrative judge's finding that the agency had reasonable grounds for proposing her removal. PFR File, Tab 1; *see* ID at 4-5.

¶10     Accordingly, because the appellant failed to raise nonfrivolous allegations casting doubt on the presumption of voluntariness, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction without holding a hearing.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                  _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.